UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-469 (RCL) |
| | : | |
| KEVON JACKSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(1)(C), 18 U.S.C. § 3142(f)(1)(D), 18 U.S.C. § 3142(f)(1)(E), and 18 U.S.C. § 3142(d)(1)(A)(iii) of the federal bail statute. As discussed further below, the defendant stands charged with various counts related to possessing a firearm while also possessing narcotics with the intent to distribute them. Additionally, the instant offense occurred while the defendant was on supervised release in D.C. Superior Court in case 2011-CF2-015637, where the defendant was convicted of similar conduct here—possession with intent to distribute narcotics while armed. The Government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

The defendant is charged by indictment dated July 16, 2021 with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1); one count of Unlawful Possession with Intent to Distribute Cocaine Base, in violation of Title 21

U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii); one count of Unlawful Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(C); and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(c)(1).  At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Moreover, in light of the current national public health emergency related to COVID-19, the Government intends immediately to proceed to the detention hearing.

The government should note that the defendant has previously been charged by Complaint in relation to this incident in Superior Court, case number 2021 CF2 003828.  In that case, he is charged by Complaint with one count of Unlawful Possession of a Firearm (prior conviction), in violation of 22 D.C. Code § 4503(a)(1), and one count of Unlawful Possession with Intent to Distribute a Controlled Substance While Armed, in violation of D.C. Code §§ 48-904.01(a)(1), 22-4502.  The defendant was presented on July 9, 2021 and released to the High Intensity Supervision Program.

## II.  Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  Specifically, the presentation of hearsay evidence is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United

2

States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

Under Section 3142(g), the Court must analyze four factors in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

> A. **Nature and Circumstances of the Offenses Charged**

The first factor to be considered, the nature and circumstances of the offense charged, weighs in favor of detention.  On July 8, 2021, MPD officers were driving in the 2800 block of Benning Road NE, Washington, D.C., when they saw a white Ford run a red light.  They conducted a traffic stop and saw that the defendant, Kevon Jackson, was the driver and sole occupant.

While Officer Sibrian was talking to the defendant, he noticed that the defendant still had his foot on the brake pedal.  Officer Sibrian could also see that the defendant's foot was shaking profusely.  The officer saw that the defendant had an open, black cross-body bag on the right side of his body.  In the bag, Officer Sibrian saw a pill bottle containing white pills.  It appeared to officers that the defendant was attempting to hide the bag from Officer Sibrian's view and was

leaning his body away from Officer Sibrian.

Officer Nettles approached the passenger side of the car and also saw the bag. He saw a bulge in the bag that appeared to be a large object. The officers knew through their training that many armed gunmen use these types of bags to carry firearms.

Officer Nettles asked the defendant to exit the car. The defendant asked why, and even after the officers were able to step him out of the car, he began to resist by tensing up his arms. As Officer Sibrian was struggling to get the defendant into handcuffs, he saw the defendant grab the bag. Officers patted the bag down and felt an L-shape hard object that was consistent with a firearm. The officers were able to get the defendant into handcuffs. Officer Sibrian then opened the bag and the officers found the firearm.

The firearm was a Glock 26, 9mm caliber, with serial number BCEF304. It had one round in the chamber and 21 rounds in a 31-round magazine. A picture of the firearm after it was recovered is reproduced below:



As officers held the defendant, the defendant pressed his pelvic area into the car. Officers suspected that he was concealing contraband. Search incident to arrest revealed multiple narcotics in between the defendant's white tights and jeans. From the defendant's groin and upper thigh area, the officers recovered two bags containing a white powdery substance (weighing approximately 45.5 grams), two bags containing a tan powdery substance (approximately 46 grams), and two bags containing white rock-like substances (approximately 96.5 grams). The white powdery substance and the white-rock like substances field-tested positive for cocaine base. The tan powdery substance was not field-tested.

The officers also discovered five white pills containing a letter "C" in the pill bottle, and a black digital scale with residue in the bag. In the backseat of the car, officers found 15 multicolored bags with a green leafy substance. This substance was not field-tested. Officers took $6,169.83 from the defendant's person.

A criminal history check of the defendant revealed that on July 26, 2012, the defendant was sentenced to a crime punishable by term of imprisonment greater than twelve months, thus rendering the defendant ineligible to possess a firearm or ammunition within the jurisdictional limits of the District of Columbia (D.C. Superior Court Case No. 2011-CF2-015637).  In fact, the defendant has two such convictions (see also U.S. District Court for the District of Columbia Case No. 11-cr-297).

B. **Weight of the Evidence against the Defendant**

The second factor to be considered, the weight of the evidence, also bears in favor of detention.  The evidence against the defendant is strong.  The defendant was the sole occupant of the car that was pulled over.  The firearm in this case was recovered from a bag that the defendant was wearing.

Narcotics were also found on the defendant's person.  Those narcotics were in significant amounts—two bags of a white powdery substance that weighted approximately 45.5 grams, and two bags containing white rock-like substances that weighted approximately 96.5 grams.  In addition to those narcotics, the officers recovered a black digital scale and $6,169.83.  There is plenty of evidence, therefore, that the defendant intended to sell these narcotics rather than possess them for personal use.

C. **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the person, weighs in favor of detention. The defendant has two very serious convictions.  In the first, he was convicted of Possession with Intent to Distribute a Controlled Substance While Armed (cocaine), in D.C. Superior Court, case number 2011-CF2-015637.  The defendant received 60 months' incarceration in that case, along

6

with 5 years of supervised release. Indeed, the defendant is still on supervised release in that case, on charges that are very similar to the charges that he faces here.

In the second case, for which he was sentenced soon after, the defendant was convicted of several drug-related counts in this Court (case number 11-cr-297). Specifically, he was sentenced to a total of 84 months' incarceration after pleading guilty to four counts of Distribution of Heroin, one count of Possession with Intent to Distribute Heroin, and one count of Possession with Intent to Distribute Cocaine.

Thus, the defendant has two serious drug felonies in his record. He has also been charged with narcotics offenses in this case. As such, he falls within the Sentencing Guidelines' definition of a Career Offender. *See* U.S.S.G. §4B1.1(a). Further, as a result of this record, he faces a potential mandatory-minimum term of 10 years on Count Two of the Indictment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). He also faces mandatory-minimum term of 5 years on Count 4 of the Indictment. *See* 18 U.S.C. § 924(c)(1)(A)(i). These significant penalties highlight the seriousness of the defendant's crimes, especially in conjunction with his criminal history.

Finally, it is the government's understanding that the defendant has not been entirely compliant with his conditions of release in his Superior Court case (2021 CF2 003828). Apparently, the defendant broke curfew in that case on the night of July 22, 2021, before turning himself in on the arrest warrant for this case during the morning of July 23, 2021. Pretrial Services Agency informed the government that the defendant spent the night out in the Wharf area of Washington, D.C. Law enforcement also learned that he checked out of the Intercontinental Hotel at approximately 6:30 a.m. on the morning of July 23, 2021 before turning himself in later that morning.

### D. **Danger to the Community**

Together with the defendant's prior criminal conduct, the defendant's possession of a firearm—illegal for anyone in the District of Columbia to possess, regardless of prior convictions—is gravely concerning. The defendant's history demonstrates a repeated ability to obtain firearms and to possess narcotics. Critically, a firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. Its use in conjunction with the possession and distribution of narcotics can lead to several dangerous situations. Indeed, here, the defendant resisted the officers' actions, all while having a firearm readily available and a significant amount of narcotics on him. The seriousness of the defendant's prior convictions—including the 84-month sentence that this Court has previously given him on narcotics charges—highlight his danger to the community. In addition, the fact that he was on supervision for very similar conduct to the conduct here demonstrates that there is little that can be done to deter him from committing future crime. Given all of these factors, the Government contends that there exists no condition or combination of conditions that would ensure the safety of the community.

For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

          Respectfully submitted,

          CHANNING D. PHILLIPS
          ACTING UNITED STATES ATTORNEY
          D.C. Bar No. 415793

By:   */s/ Kevin Birney*
          Kevin Birney
          Assistant United States Attorney
          United States Attorney's Office for D.C.
          555 Fourth Street, N.W., Fourth Floor
          Washington, D.C. 20530
          E-mail: kevin.birney@usdoj.gov
          Telephone: (202) 252-7165