## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-00469 |
| | : | The Hon. Jud. Lamberth |
| KEVON JACKSON, | : | Sent. Date: June 17, 2022 |
| | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Kevon Jackson, by and through his counsel, Brian K. McDaniel, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On March 9, 2022 Defendant Kevon Jackson appeared before this Court and entered a plea of guilty to Count One of the Indictment, charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of Title 18 USC § 922(g)(1. The conduct for which Mr. Jackson accepted responsibility is outlined in paragraphs 9 through 16 of the Presentence Investigation Report.

Mr. Jackson will now appear before this Court to be sentenced. The central issue before the Court then is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case. See 18 U.S.C. § 3553(a). Mr. Jackson

respectfully submits that a sentence of 100 months of imprisonment followed by a three-year period of supervised release would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Jackson asks this Court to consider the following: (1) prior to his arrest, Mr. Jackson was gainfully employed; (2) as outlined in the presentence investigation report, Defendant is the father of a recently born child; (3) Mr. Jackson is currently responsible for the financial and emotional wellbeing of his minor child, and (4) the given the criminal entanglements of his father during his formative years Mr. Jackson developed negative peer associations which has affected his decision making.

I.  **The Advisory Sentencing Range**

The Presentence Investigation Report outlines the proposed offense level calculation at paragraph 22 of the report. The parties agree that the guidelines for 18 U.S.C. §922(g) are determined by USSG §2K2.1 and that the maximum sentence under the code is 10 years of imprisonment and a potential $250,000.00 fine. In that Mr. Jackson criminal history calculation results in a criminal history score of eight, he finds himself in criminal history category IV.

II. **The Other § 3553 Factors**

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional

treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 100-month sentence requested by the Defendant.

    A.    *The nature and Circumstances of Mr. Jackson's Offense*

Defendant is clear that this court is concerned about the facts which underlie the count of conviction in this matter. Mr. Jackson has already learned a meaningful lesson about the importance of compliance with the law and the reality that, a failure to do so, can result in his being removed from the community and the family in which he so heavily invested. While it is true that Mr. Jackson has had contacts with the criminal justice system which have resulted in convictions and attendant periods of incarceration, a review of the Presentence Report will reveal that he has never been convicted of a violent offense. Even here where the government has expressed concern about Mr. Jackson's interaction with law enforcement in connetion with his arrest, it is not alleged thar Mr. Jackson was arrested in connection with any violent act.  This being said, the 100-month sentence which is being requested by the Mr. Jackson is sufficient to meet the 18 U.S.C. §3553 factors outlined above, and considered more fully herein below. Of note is that the Mr. Jackson's mother's representation that Mr. Jackson likely got involved with the distribution of narcotics

3

because he views himself as a provider and was attempting to assist his family economically through the unfortunate decision to sell narcotics. As laudable as the end effort might have been, Mr. Jackson is clear now that any support he wishes to provide to his family is better achieved through means which does not risk the possibility of his incarceration.

### B. *The History and Characteristics of Mr. Jackson*

The history and characteristics of Mr. Jackson support the sentence which the Defendant request this Court to adopt. While Mr. Jackson appears to have been well cared for by his mother during his formative years, the absence of his father resulted in him being raised without a consistent male figure in his life. While he did not graduate from high school, he did take the initiative to secure his GED in 2008. Even in the face of the prior contacts with the criminal justice system, his personal characteristics as outline in the PSR evidence his willingness to work as he was employed even up and until the time of his arrest in this matter. He was also an active participant in the life of his one year old daughter.

What cannot be disputed is the negative impact that drug addiction has had on the life and decision making of the Defendant. Mr. Jackson began the chronic smoking of Marijuana at the age of 14, sometimes smoking up to five times per day up and until the day of his arrest. Compound this with the daily consumption of cocaine and heroin, there is no surprise that the Defendant was attempting to supplement his income so that he could continue to support his both his family and his burdensome drug habit.

We respectfully submit that these considerations, and the entirety of Mr. Jackson's history and personal characteristics, weigh in favor of the one hundred-month sentence which has been proposed.

### C.     *The Need to Provide Restitution to Any Victims*

Restitution does not appear to be a consideration in this matter.

### D.     *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Jackson respectfully asks this Court to impose a sentence of 100 months of imprisonment, followed by a three-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Jackson understands that he has been convicted of a serious felony offense. He is ashamed of his conduct which has resulted in him being exposed to the sentence which the court is currently contemplating. He respectfully submits that the sentence proposed provides "just punishment" for his conviction, when the Court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." One hundred months of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We

respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Jackson is facing, and the affect his absence has and will have upon both he and his family, he is as deterred from criminal activity as he could possibly be. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Kevon Jackson presents before the Court prepared to be sentenced. We respectfully submit that a sentence of one hundred-months is fully consistent with the Court's statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The Cochran Firm, CDCRS
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Kevon Jackson*